CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ROLAND CHANG (CABN 271511)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7108
     Fax: (415) 436-7027
     Roland.Chang@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 23-00017-JD |
| Plaintiff, | **UNITED STATES' AMENDED SENTENCING MEMORANDUM** |
| v. | |
| LUCAS MICHAEL NOVICK, | Hearing Date: February 23, 2026 |
| Defendant. | Time:      11:00 a.m. |
| | Courtroom:  No. 11, 19th Floor |
| | Judge:     Hon. James Donato |

## I. INTRODUCTION

This case is set for a combined change-of-plea and sentencing on February 23, 2026. The government incorporates by reference its prior sentencing memorandum. Dkt. 78. For judicial efficiency, the government will not repeat the facts and arguments stated therein. While the parties have submitted a new plea agreement, it is largely identical to the prior agreement with one material difference, the new plea agreement is submitted pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) instead of 11(c)(1)(C).

For the reasons stated below, the government respectfully recommends that the Court sentence the defendant Lucas Michael Novick ("Novick") to: (i) a term of imprisonment of 30 months, to be served consecutively to the four-year state prison term imposed by the Superior Court of California,

County of Marin in the criminal case filed by the Marin County District Attorney's Office in DA Case No. 349969; (ii) three years of supervised release, to include a suspicionless search condition; and (iii) a special assessment of $100.

## II.    PROCEDURAL HISTORY

On January 18, 2023, a federal grand jury issued a one-count indictment against Mr. Novick charging him with possession with intent to distribute and distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Dkt. 1.  On March 3, 2025, Mr. Novick pled guilty to the sole count in the indictment, through a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Dkt. 67.  At the August 11, 2025 sentencing hearing, the Court declined to accept this plea agreement.  Dkt. 80.  The Court set a further hearing on September 22, 2025 and permitted Mr. Novick to withdraw his guilty plea and to inform the Court of his election by September 8, 2025.  *Id.*

On September 8, 2025, the parties filed a joint status report that stated Mr. Novick had agreed to a new amended plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B).  Dkt. 81.  The parties also requested a change-of-plea hearing for September 22, 2025.  *Id.*

On September 22, 2025, Mr. Novick did not appear for his hearing "due to transportation delays and a medical situation."  Dkt. 85.  The change-of-plea hearing was reset for December 1, 2025.  Dkt. 88.  On December 1, Mr. Novick "declined to appear for a reason said to involve a medical issue."  Dkt. 89.  "This was the defendant's second non-appearance at a scheduled hearing."  *Id.*  The Court set a combined change-of-plea and sentencing hearing for February 23, 2026.  *Id.*

## III.    SENTENCING GUIDELINES CALCULATION

### A.    The Presentence Investigation Report ("PSR") Accurately Calculated the Offense Level and Criminal History Category

As stated in its prior sentencing memorandum (Dkt. 78), the government agrees with Probation's offense-level calculation in the PSR (see below), which is identical to the parties' agreed-upon offense level calculation in the amended plea agreement:

a. Base Offense Level, U.S.S.G. § 2D1.1(c)(14) – less than 4 G of
Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide):      12

b. Acceptance of Responsibility, U.S.S.G. § 3E1.1                             - 2

c. Adjusted Offense Level:                                                    10

PSR ¶¶ 16-24.  The government further agrees that Mr. Novick's criminal history category is VI.  PSR ¶¶ 34-36.  Total Offense Level 12 at CHC VI yields a Guidelines range of 24 to 30 months.

## IV.    GOVERNMENT'S AMENDED SENTENCING RECOMMENDATION

The government will not repeat the facts and law from its prior sentencing memorandum, in which it recommended a term of imprisonment of 27 months, to be served consecutively to the defendant's four-year state prison term that he has yet to complete.  *See* Dkt. 78 at 5-11.  However, it reiterates the following factors for the Court's consideration in support of its amended sentencing recommendation for 30 months of imprisonment.  First, the defendant's history and characteristics establish a pattern of no less than seven criminal convictions, including violent acts and substance abuse issues.  In particular, Mr. Novick's latest criminal conviction, while on federal pretrial release, for violently assaulting a victim with a knife that resulted in serious bodily injury is especially troubling.  Because of that history, the defendant's Criminal History Category is "VI," *i.e.*, the highest criminal history category under the Guidelines.  Dkt. 78 at 5-6.  Second, the nature and circumstances of Mr. Novick's conduct are serious.  He has continually distributed controlled substances to others, despite being acutely aware of the severe and negative consequences of these drugs.  *Id.* at 2-4,7.  Third, the Court should consider the victim impact statements submitted by Probation for sentencing.  *Id.* at 7-9.  The overdoses connected with Mr. Novick's actions, directly or indirectly, have been devastating to the individuals and families affected by them.  *See id.*  Fourth, the Court should impose the suspicionless search condition agreed upon between the parties in the amended plea agreement.  *Id.* at 10.

Although the Guidelines calculation and offense conduct in the amended plea agreement remains the same, the government has revised its sentencing recommendation from 27 months to 30 months of imprisonment to account for the lack of certainty associated with a Rule 11(c)(1)(B) plea agreement.  In addition, given the seriousness of Mr. Novick's criminal history, including his most recent violent state conviction, and the gravity of his charged offense, a sentence of 30 months, *i.e.*, a high Guidelines sentence, is sufficient but not greater than necessary under the law.

## V.    CONCLUSION

For the foregoing reasons, the government respectfully recommends that the Court sentence the

U.S.' AM. SENTENCING MEMO                3
CR 23-00017-JD

defendant Lucas Michael Novick to: (i) 30 months of imprisonment, to be served consecutively to the four-year state prison term imposed by the Superior Court of California, County of Marin in the criminal case filed by the Marin County District Attorney's Office in DA Case No. 349969; (ii) three years of supervised release, to include a suspicionless search condition; and (iii) a special assessment of $100.

DATED:  February 9, 2026                          Respectfully submitted,

                                                 CRAIG H. MISSAKIAN
                                                 United States Attorney

                                                 */s/ Roland Chang*
                                                 ROLAND CHANG
                                                 Assistant United States Attorney